IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| KENNY HALFACRE, ADC # 84410, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CHERYL V. JONES, Correctional Sergeant, | * | No. 5:11CV00101-JLH-JJV |
| Varner Unit, Arkansas Department of | * | |
| Correction | * | |
| | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Arkansas Department of Correction (ADC) Varner Unit, filed this action *pro se* pursuant to 42 U.S.C. § 1983 against Sgt. Jones. Mr. Halfacre alleges that Sgt. Jones retaliated against him by filing a disciplinary after he filed a grievance against her.

Now pending are Sgt. Jones's Motion for Summary Judgment (Doc. No. 30) and her oral Motion to Dismiss for failure to exhaust administrative remedies made at the hearing on June 20, 2013. Plaintiff has responded in writing to both Motions. (Doc. Nos. 33, 43.)

## I.     BACKGROUND

Mr. Halfacre states that when Sgt. Jones instructed him to get out bed on the morning of December 28, 2010, he responded by asking, "Why she had no problem with telling people to get out of bed, but that no one could tell these same people to go to bed." (Doc. No. 2 at 4.) Sgt. Jones told him to "write it up," to which Plaintiff responded he would. (*Id.*)

On the same day, Plaintiff wrote the grievance and Sgt. Jones wrote up Plaintiff for the major disciplinary offenses of failure to obey an order, failure to keep his person or quarters in accordance

with regulations, and insolence to a staff member. (*Id.* at 7.) He was convicted of failure to obey an order and insolence and was sentenced to a reduction in class. (*Id.* at 8). The sanctions were suspended for thirty days because of Mr. Halfacre's excellent record of good conduct. *Id.* Plaintiff alleges that Sgt. Jones only wrote the disciplinary because she was retaliating against him for filing a grievance.

After his disciplinary conviction, Mr. Halfacre appealed to Disciplinary Hearing Administrator Raymond Naylor. (Doc. No. 2 at 10.) Mr. Naylor affirmed the convictions and advised, "If you so desire, you may appeal further to the Director of the Department of Correction." (*Id.*)

Sgt. Jones filed a Motion for Summary Judgment challenging the merits of Mr. Halfacre's claim. Specifically, she states that Halfacre's claim must be dismissed because there is "some evidence" to validate his disciplinary convictions.

On June 20, 2013, the Court held a hearing on Jones's Motion. The Court received exhibits and heard testimony from Mr. Halfacre, Sgt. Jones, Disciplinary Hearing Officer Joanna Z. Franklin, and Disciplinary Hearing Administrator Raymond Naylor. At the hearing, Sgt. Jones moved for dismissal of the Complaint for Mr. Halfacre's failure to fully exhaust his administrative remedies. She argued that Plaintiff failed to appeal his disciplinary conviction to the Director of the Department of Correction as required. Since this issue was raised for the first time at the hearing, the Court allowed Mr. Halfacre twenty-one days to file a written response. Mr. Halfacre responded, and the case is ripe for a decision.

## II.   ANALYSIS

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

3

of law.  *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 1135 (citations omitted).  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  *Id.*

>The Prison Litigation Reform Act (PLRA) states:
>
>No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Prisoners must exhaust all administrative remedies prior to filing a lawsuit.  In enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them . . . 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).  Additionally, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones v. Bock*, 549 U.S. 199,

218 (2007).

The parties agree that Mr. Halfacre exhausted the administrative remedies on his grievance. But Sgt. Jones points out that he did not exhaust his disciplinary conviction through appeal to the ADC Director.

Inmate Disciplinary Manual 08-87 was in effect at the time of these events. (June 20, 2013, Hrg. Ex. 8.) The Manual sets out specifically how an inmate must appeal a major disciplinary, stating, "If the inmate disagrees with the response, he/she has fifteen (15) days from receipt of the Disciplinary Hearing Administrator's decision to appeal to the Director." (*Id.* at 19-20.)

Mr. Halfacre was required to exhaust *all* available administrative remedies before filing his lawsuit. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003). While it may appear like an overly technical basis for dismissal of his suit, the United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the administrative exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). "The benefits from prior administrative review are substantial" and "[t]he procedure must be give an opportunity to succeed." *Id*.

In this case, Mr. Halfacre admits he failed to appeal to the Director as the Manual requires. And while he stated at the hearing that he chose not to appeal because he knew it would be futile, this does not excuse his failure to exhaust all available administrative remedies. (Doc. No. 43 at 1-3.)

Mr. Halfacre makes a strong argument that, "There is no requirement that a plaintiff present

5

the issue over and over." (*Id.*) And the Court has unsuccessfully searched for authority to support his contention that prison authorities had an opportunity to address the issue through the grievance process, thereby relieving him of his requirement to also exhaust his disciplinary appeals. (*Id.* at 3.) Rather, the PLRA specifically says, "No [§ 1983] action shall be brought until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e (a) (*emphasis added*). Here, the Court finds the "remedies as [were] available" included 1) filing a grievance and 2) appealing the disciplinary conviction to Director of the ADC. This case centers around the disciplinary proceedings initiated by Sgt. Jones. In accordance with the purpose of the exhaustion requirement, the Director deserved an opportunity to resolve the dispute before the issue was brought to the district court.

Mr. Halfacre was obligated to complete the appeals process. The record before this Court supports this finding and contains no evidence to the contrary.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. This cause of action be DISMISSED without prejudice for failure to exhaust all administrative remedies.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations would not be taken in good faith.

DATED this 3rd day of July, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE